## W. C. GROVES LIQUOR CORPORATION v. COLLECTOR OF INTERNAL REVENUE.

(District Court, S. D. Florida. April 10, 1922.)

No. 1351.

1. **Internal revenue ⬦46—Prosecuting officers may take bill of sale without forfeiture proceedings.**

Prosecuting officers may accept a bill of sale to the United States for liquors forfeited under Rev. St. § 3449 (Comp. St. § 6351), by reason of their transportation under some other designation, without instituting proceedings to forfeit the liquors.

2. **Internal revenue ⬦46—Liquor shipped as something else by one acting for the owner is forfeited.**

Under Rev. St. § 3449 (Comp. St. § 6351), liquor shipped under a bill of lading falsely describing it as hay is forfeited, no matter whose property it may be, if the shipper was rightfully acting for the owner.

3. **Internal revenue ⬦42—Collector of internal revenue, not having possession of liquor delivered to his predecessor, will not be ordered to return it.**

An order will not be made requiring the collector of internal revenue to return liquor seized and turned over to his predecessor, where it appears that such liquor is not in his possession, and that it is not in his power to comply with such order.

Proceeding by the W. C. Groves Liquor Corporation against the Collector of Internal Revenue. Petition denied, and proceeding dismissed.

C. D. Abbott, of West Palm Beach, Fla., for petitioner.
Wm. M. Gober, U. S. Dist. Atty., of Jacksonville, Fla., opposed.

CALL, District Judge. On May 16, 1921, W. C. Groves Liquor Corporation filed its petition, in which it alleges: That during the month of May, 1918, W. C. Groves purchased and had shipped from Jacksonville, Fla., to West Palm Beach, Fla., 340 cases of whisky. That upon its arrival at its destination the same was seized by the sheriff of Palm Beach county, and turned over to the collector of internal revenue. At the December term of the United States District Court in and for the Southern District of Florida, said Groves was indicted by the grand jury in two counts—the first count for violation of section 3449 of the Revised Statutes (Comp. St. § 6351); and the second, for violation of the tenth section of the Act of Congress approved June 18, 1910,

chapter 309 (Comp. St. § 8574). That W. C. Groves, upon arraignment, pleaded guilty and was sentenced to pay a fine of $500 and costs, and by a bill of sale executed by him conveyed said whisky to the United States. It then alleges that the whisky belonged to the corporation, and Groves had no right to convey the same. That the District Attorney's office had no right to purchase same from Groves, and the internal revenue officer had no right to seize same.

A rule to show cause was issued and served upon the then collector of internal revenue, who answered that he had seized and was then holding one cask and 212 cases of whisky as evidence against Groves, and setting up the further facts of indictment, plea, and fine of Groves, and the conveyance of the whisky to the United States, and upon information and belief that said whisky was the property of Groves, and not of the corporation. This answer was filed June 1, 1921. Subsequently on January 30, 1922, the petitioner obtained order to make D. T. Gerow, the then collector of internal revenue, who had succeeded the collector making the seizure, a party, and the rule therefore issued was answered by the new party, in which answer, after alleging his ignorance of the allegations of the petition, he contends that under the acts of Congress the liquor was forfeited to the United States. He also sets out an inventory of all liquor coming to his possession as such collector received from his predecessor in office, with the marks thereon; none of it being identified as that described in the petition, and the whole amount aggregating much less than that described in the petition.

Passing over the question of whether the liquor belonged to W. C. Groves or to the corporation, there is no question that W. C. Groves did ship the liquor in a car billed as hay, and not properly marked, as required by section 3449 of the Revised Statutes (Comp. St. § 6351). This fact is admitted by the petition, answers to the rule, and by plea of guilty by Groves. The section provides:

"Whenever any person ships * * * any spirituous * * * liquors * * * under any other than the proper name or brand known to the trade as designating the kind and quality of the contents of the casks or packages containing the same, or causes such act to be done, he shall forfeit said liquors. * * *"

If Groves was not acting for himself in the purchase and shipping of said liquors under a false bill of lading, then he was acting for the corporation, of which he was president and largest stockholder.

[1, 2] The petitioner claims that, even though the liquor was forfeited under the terms of the section, yet no judgment of forfeiture was rendered, and the prosecuting officers had no right to accept a bill of sale to the United States, and therefore it had a right to have this court order its return. This argument does not impress me. It seems to me it would be an idle and useless proceeding for this court, granting that the liquor was purchased with corporation funds, to make such order, and then force the government to institute proceedings to forfeit the liquors, which under the admitted facts is clearly forfeited. It does not seem to me to be material whether the corporation or Groves owned the liquor. Groves was the agent of the corpora-

tion, acting for it and in its behalf. The corporation could not well take the position that it could disavow the act of its president in its behalf and receive the benefits of such act. I am inclined to think that liquor shipped by one in violation of that section is forfeited, no matter whose property it may be, if the shipper was rightfully acting for the owner.

What reason could exist why the prosecuting officer of the government should not receive a bill of sale to the government for liquors forfeited under the statute? Why should it be necessary to proceed by forfeiture proceedings, when the same object is obtained by the guilty party voluntarily accomplishing the object of the forfeiture proceedings.

The second count in the indictment charges a felony, for which Groves might have been sent to prison for two years and fined $5,000.

[3] On the showing made by the answer of the present collector of internal revenue, it appears that he has not in his possession the liquor mentioned in the petition. Under such circumstances, it does not seem to me that the court would be justified in making the order prayed for, when it is not in the power of the officer to comply with it.

The petition will be denied, and the proceeding dismissed.